IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRANDON P. SMITH**                                                                 **PETITIONER**

v.                                                                    **NO. 4:19-CV-122-DMB-JMV**

**STATE OF MISSISSIPPI, et al.**                                        **RESPONDENTS**

## ORDER

Before the Court is Brandon P. Smith's motion seeking reconsideration of this Court's dismissal of his habeas petition.

## I
## Procedural History

On August 20, 2019, Brandon P. Smith, acting pro se, filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi, challenging his 2012 conviction for possession of a firearm by a convicted felon. Doc. #1. The petition stated four grounds for relief: (1) improper indictment, (2) failure to prove the elements of the crime, (3) denial of a fair trial, and (4) verdict against the overwhelming weight of the evidence. *Id.* at PageID #5, #7, #11, #16. Smith argued that because the jury found him not guilty of an accompanying auto burglary charge, he could not be found guilty of possession of the gun stolen from a truck. *Id.* at PageID ##5–6.

On October 15, 2019, the State moved to dismiss the petition as time-barred. Doc. #9. In his response to the motion, Smith argued that his untimeliness should be excused because he is "no lawyer" and has been "trying [his] best to learn the law" so that he could pursue relief from his conviction. Doc. #11 at PageID #357–58.

United States Magistrate Judge Jane M. Virden issued a Report and Recommendation

("R&R") on November 18, 2019, recommending that the motion to dismiss be granted and Smith's petition be dismissed as untimely filed. Doc. #13. The R&R provided that "[o]bjections must be in writing and must be filed within fourteen days (14) of this date" and that "failure to file written objections … within [14] days after being served a copy" would bar a party from attacking the R&R later except for plain error. *Id.* at 6. On December 6, 2019, having received no objections to the R&R, this Court reviewed the R&R for clear error and, finding none, adopted the R&R and dismissed Smith's petition. Docs. #15, #16.

On or about December 13, 2019, Smith filed a document titled, "Motion for Investigation and Appeal" which, based on its substance, the Court construes as a motion for reconsideration of the dismissal of his habeas petition. Doc. #20. The same day, Smith filed objections to the R&R. Doc. #19. Six days later, the State filed a response to Smith's motion and a response to his objections. Docs. #21, #22.

## II
## Timeliness of Objections

In his motion, Smith requests consideration of his objections to the R&R, asserting that the Court erred in failing to consider his objections before it adopted the R&R and dismissed his petition. Doc. #20. According to Smith, he did not receive a copy of the R&R until December 3, 2019, and his objections to the R&R were timely because they were filed within fourteen days after he received the R&R. *Id.* at PageID #395. In its response, the State does not oppose the Court's consideration of Smith's objections, as it confirmed with mail room officials at the Mississippi State Penitentiary that the incoming mail logs indeed reflect that Smith did not receive a copy of the R&R until December 3, 2019. Doc. #21 at 3, 4. Under these circumstances, the Court will consider Smith's objections.

### III
### Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

### IV
### Analysis

In the R&R, Judge Virden found that Smith's claims were untimely filed and that Smith failed to show the applicability of equitable tolling. Doc. # 13 at 4–5. Rather than object to any specific finding in the R&R, Smith simply challenges the R&R in a general and conclusory fashion. Initially, Smith repeats his prior argument that he did "the best job [he] could by learning the law." Doc. #19 at PageID #384. As explained in the R&R, however, mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling. *See* Doc. #13 (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)).

Smith also attempts to articulate a claim of actual innocence to overcome the statute of limitations bar.[1] "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief," such as the expiration of the statute of limitations. *McGuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner makes a credible showing of actual innocence if, based on *new* evidence, he "show[s] that it is more likely than not that no reasonable juror would have convicted him in the

---

[1] While Smith did not explicitly assert a claim of actual innocence in his habeas petition, he claimed that he had a "rock solid alibi." Doc. #1 at PageID #6.

light of the new evidence." *Id.* at 399. The threshold showing for a credible claim of actual innocence is "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

In his objections, Smith only recounts the evidence presented at trial—very briefly and with little detail—and contends that such evidence was insufficient to support a verdict against him. Doc. #19 at PageID ## 386–88. He does not advance any substantive argument nor does he cite any authority to bolster his contention.[2] Instead, he merely asserts that "if actual innocence is proved then all procedural bars are also dis-missed" and that if he "can prove his innocence by any type of new evidence then all bars are excussed [sic]." *Id.* at PageIDs #385, #389. While Smith generally alleges his innocence, he really just repeats two of the grounds in his habeas petition—that the prosecution failed to prove the elements of the crime against him and that the conviction is not supported by the weight of the evidence. *See* Doc. #1 at PageID #7, #16.

To the extent Smith claims to have an alibi to support his actual innocence, it would not help him here. Evidence that is "within the reach of petitioner's personal knowledge or reasonable investigation" at the time of trial does not qualify as new evidence to satisfy the actual-innocence standard. *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (alteration omitted) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Having failed to provide any new evidence, Smith has failed to prove his innocence.

In short, Smith's objections are overruled.

## V
## Conclusion

Smith's motion for reconsideration [20] is **GRANTED in Part and DENIED in Part**.

---

[2] Smith cites two cases in his objections (with one citation incomplete) but does not substantively advance an argument based on the authority. Doc. #19 at PageID #385. Review of the cases shows that one affirmed dismissal of a habeas petition as procedurally barred, *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), and the other supports the assertion that a claim of actual innocence can assist in overcoming a time bar but only when supported by new evidence, *see Schlup v. Delo*, 513 U.S. 298, 316 (1995).

The motion is granted to the extent it requests consideration of Smith's objections but is denied to the extent it seeks reconsideration of the dismissal of his petition.

    **SO ORDERED**, this 5th day of June, 2020.

                                                                       /s/Debra M. Brown  
                                                                       **UNITED STATES DISTRICT JUDGE**